SECURITIES AND EXCHANGE COMMISSION, Plaintiff— Appellee,

v.

CURRENCY TRADING INTERNATIONAL, INC., et al., Defendants,

and

Craig A. Cunningham, Defendant— Appellant.

No. 04–56038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2006.

Decided April 14, 2006.

Jacob H. Stillman, Esq., Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Gregory C. Glynn, Esq., Securities and Exchange Commission, Samuel Y. Edgerton, III, Esq., Nash & Edgerton, Sheldon

M. Jaffe, Esq., Los Angeles, CA, Defendant–Appellant.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Defendant Craig A. Cunningham appeals from a decision of the district court, ordering him to disgorge more than $4.3 million on account of securities fraud perpetrated through a company called Currency Trading International, Inc. ("CTI"). Defendant argues that his 1998 settlement agreement with the Department of Justice bars the Security and Exchange Commission's ("SEC") later disgorgement claim or, in the alternative, that he is entitled to offset payments under that agreement against the disgorgement amount.

■ (1) On de novo review, *Congregation ETZ Chaim v. City of Los Angeles,* 371 F.3d 1122, 1124 (9th Cir.2004), we hold that the district court did not err by concluding that the disgorgement action could proceed notwithstanding the 1998 settlement agreement. The settlement agreement provides that the United States will refrain from bringing any claim for "civil or criminal forfeiture" against Defendant. "Civil forfeiture" and "criminal forfeiture" are terms of art that, in this agreement, refer specifically to actions under 18 U.S.C. §§ 981 and 982; the wording in the settlement agreement closely tracks the wording of those statutes. Additionally, the agreement expressly preserves the right of "any . . . government agency" to file claims and says that nothing in the agreement "shall be construed as a limitation against any civil or administrative claims other than the claims expressly released." Accordingly, the 1998 settlement agreement does not affect the SEC's right to bring a disgorgement action under Title 15 of the United States Code.

■ (2) We review for abuse of discretion the district court's calculation of disgorgement. *SEC v. First Pac. Bancorp,* 142 F.3d 1186, 1190 (9th Cir.1998). Although Defendant previously provided restitution to some of CTI's defrauded investors pursuant to the 1998 settlement agreement, the district court still could require him to disgorge all of his ill-gotten gains. *See SEC v. J.T. Wallenbrock & Assocs.,* 440 F.3d 1109 (9th Cir.2006) (in an SEC case, upholding a district court's order requiring the defendant to disgorge the entire amount by which he and his co-defendants were unjustly enriched, even though he also had been ordered to pay more than $145 million in restitution to his victims as part of a separate criminal action). Disgorgement is designed not only to deprive a wrongdoer of unjust enrichment, but also to deter others from violating securities laws by making violations unprofitable. *Id.* at 1113.

In view of these principles, we find no abuse of discretion in the district court's denial of Defendant's request to order an offset now. We note, however, the SEC's concession that Defendant will "be entitled to an offset to the extent that the amount of his illegally obtained gains was reduced by the use of the seized funds to reimburse investors whose transactions were the basis of the disgorgement award" and that, when the SEC collects the disgorgement, Defendant will "be allowed a set off at that time for any of the funds seized from him

---

to the extent they are, in fact, used to reimburse investors whose transactions were the basis of the disgorgement award (or to pay the costs of administration)." The government is bound by that written concession and must offset the described amounts, if and when the conditions are met.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

